# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MARK ANTHONY COLLETT, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 1:13-cv-0065-TWP-TAB |
| ) | |
| ALEXANDRIA POLICE DEPARTMENT, ) | |
| CITY OF ALEXANDRIA, INDIANA, and ) | |
| JUDGE BRANDY GOODMAN ) | |
| ) | |
| Defendants. ) | |

## Entry and Order Dismissing Action

Mark Anthony Collett ("Mr. Collett") sues three defendants in this civil rights action. Mr. Collett alleges that since his wife had an affair with an Alexandria police officer, he has been harassed and intimidated by members of the Alexandria Police Department ("Police Department"). He further alleges that his constitutional rights were violated by Alexandria Court Judge Brandy Goodman. He also sues the City of Alexandria, Indiana.

### I.

Mr. Collet's motion to proceed *in forma pauperis* [Dkt. 2] is **granted.**

### II.

Federal courts may only hear cases where federal jurisdiction can be established. Specifically, the court must have both subject-matter jurisdiction over the claim and personal jurisdiction over the parties. Whether a complaint states a claim is a question of law. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In

applying this standard, "[a] complaint must always . . . allege 'enough facts to state a claim to relief that is plausible on its face.'" *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Mr. Collett has not submitted a claim against any individual police officer(s), but rather, the entire Police Department. The claim against the Police Department must be dismissed because the Police Department is not a "person" subject to suit under 42 U.S.C. § 1983. *See Sow v. Fortville Police Dept.,* 636 F.3d 293, 300 (7th Cir. 2011).

The claim against Judge Brandy Goodman must also be dismissed because a claim against a judge in their official capacity is barred by Indiana's Eleventh Amendment immunity, *see Woods v. City of Michigan City,* 940 F.2d 275, 279 (7th Cir. 1991)("Indiana law reveals that judges of Indiana's circuit, superior and county courts are judicial officers of the State judicial system. . . ."), and any claim against the judge in her individual capacity is barred by her judicial immunity. *Mireles v. Waco,* 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.").

This leaves for consideration a claim against the City of Alexandria. Although the City of Alexandria is a person subject to suit under § 1983, *see Monell*

*v. New York City Dept. of Social Services,* 436 U.S. 658, 694 (1978), there is no allegation of a municipal policy or custom by the City of Alexandria to violate the rights of its citizens. *See Guzman v. Sheahan,* 495 F.3d 852, 859 (7th Cir. 2007). The claim against the City of Alexandria is dismissed.

The complaint thus fails to state a claim upon which relief can be granted against any of the three named defendants. *Jones v. Bock,* 127 S. Ct. 910, 921 (2007)("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief."); *Pugh v. Tribune Co.,* 521 F.3d 686, 699 (7th. Cir. 2008)(a complaint falls within this category if it "alleg[es] facts that show there is no viable claim@).

For the reasons explained above, therefore, the complaint fails to survive the screening required by 28 U.S.C. § 1915(e)(2)(B) and dismissal of the action is mandatory.

### III.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 02/22/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Mark Anthony Collett
1605 N. Harrison St.
Alexandria, IN 46001